UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.   5:20-cv-01942-VBF-AFM                                                Date:  July 23, 2021

Title   Ismael Villarreal v. Ralph Diaz, et al.

Present: The Honorable:   ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  ORDER TO SHOW CAUSE**

**BACKGROUND**

1. Plaintiff's Complaint in this action was dismissed by an order entered on November 19, 2020. (ECF No. 15; "Order Dismissing".)  In the Order Dismissing, the Court found that plaintiff's Complaint did not comply with Fed. R. Civ. P. 8 because it failed to state a short and plain statement of each claim that was sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  Further, the claims appeared insufficient to state a federal civil rights claim on which relief may be granted against any defendant.  (ECF No. 15 at 6, 13-14.)  As set forth in the Order Dismissing, even assuming the truth of the factual allegations in the Complaint, plaintiff's pleading failed raise a right to relief on any claim above the speculative level.  *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff was also admonished at that time (*id.* at 6-7 (emphasis in original)):

> **If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than December 23, 2020, remedying the deficiencies discussed herein**.  Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of [the Complaint], the Court will recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and failure to follow the Court's orders.

2. In response, plaintiff filed a "Motion for Relief" challenging the Order Dismissing and arguing that the Order Dismissing was "erroneous and contrary to law" and requested that the defendants be served with the Complaint.  (ECF No. 16.)  District Judge Fairbank denied the Motion for Relief and affirmed the Order Dismissing.  (ECF No. 20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.   5:20-cv-01942-VBF-AFM                                                    Date:  July 23, 2021

Title         Ismael Villarreal v. Ralph Diaz, *et al.*

3. Next, plaintiff filed a document entitled, in part, "Notice of Election to Stand on the Complaint." (ECF No. 22; "Notice of Election".)  In his Notice of Election, plaintiff stated that he had "already advised the court that he will forego amendment in order to obtain an appealable final judgment" and that he "elects to forego amendment and stand on the complaint." (*Id.* at 1-2.)  Plaintiff, however, seeks to continue litigation in this action and argues in his Notice of Election that his Complaint has "adequately state[d] a claim for relief." (*Id.* at 2.)  Further, within his "Notice of Election," plaintiff included a Motion to Disqualify both this Magistrate Judge and District Judge Fairbank.  Plaintiff's Motion to Disqualify was denied by referred District Judge Scarsi on June 14, 2021.  (ECF No. 25.)

4. Plaintiff has recently filed an "Objection to Judge Scarsi's Order denying Plaintiffs [sic] recusal motion; Response to (Doc 23), Requesting the court to vacate Judge Fairbanks [sic] order, directing Defendants to reply; Requesting the court to make a Final determination of Plaintiffs [sic] motion to Stand on complaint (Doc 22)." (ECF No. 26; "Objection".)  In the Objection, Plaintiff states that he "disagrees with Judge Scarsis [sic] findings of fact and conclusion of law and objects to his denial [sic]" (*id.* at 1); requests a "final determination on his previous motion to Stand on Complaint" (*id.* at 1, 3); and seeks to have District Judge Fairbank's order (*citing* ECF No. 23) vacated or the Court "serve the complaint to [sic] the defendants so that litigation can begin" (ECF No. 26 at 1, 3).

**DISCUSSION**

5. The Court possesses the inherent power to dismiss, *sua sponte*, for lack of prosecution any action which has remained dormant because of the inaction or dilatoriness of a party seeking relief.  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (affirming dismissal of a *pro se* litigant's civil rights action where the plaintiff failed to comply with district court's orders for filing an amended pleading).  The Local Rules of this Court further implement the policy of dismissing an action if a plaintiff has failed to prosecute diligently.  L.R. 41.

6. On November 19, 2020, plaintiff's Complaint was dismissed with leave to amend.  Plaintiff was ordered to file a First Amended Complaint remedying the deficiencies of his pleading as discussed in the Order Dismissing by no later than December 23, 2020.  (ECF No. 15.)  Rather than comply with the Order Dismissing, plaintiff filed multiple motions and objections (ECF Nos. 16, 19, 22, 26) that have resulted in an extensive delay in the prosecution of this action. [1]

---

[1]   No defendant has responded to the orders issued by District Judge Fairbank because, as explained in the order of September 28, 2020 (ECF No. 10), plaintiff's pleadings are in the process of being

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.   5:20-cv-01942-VBF-AFM                                              Date:  July 23, 2021

Title      Ismael Villarreal v. Ralph Diaz, *et al.*

7.  Plaintiff may expedite appellate review of his case by notifying the Court that he has decided not to file a First Amended Complaint and is seeking a final and appealable dismissal order in this action.  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (a "plaintiff has the right to stand on the pleading," and when a district court receives notice of a plaintiff's decision not to amend, "the district court should [take] the election not to amend at face value, enter[] a final judgment dismissing all claims with prejudice, and allow[] the case to come to [the Ninth Circuit] on appeal in that posture.").  Plaintiff relies on *Edwards*, 356 F.3d at 1064-65, to support his decision not to file a First Amended Complaint, but he has not followed the course of action outlined in that case.  Rather, he has informed the Court that he has elected not to file a First Amended Complaint, but at the same time, he seeks to have the Court serve the dismissed pleading.  The Ninth Circuit in *Edwards*, 356 F.3d at 1065, instructed the district courts to allow plaintiff to exercise his "right to stand on a complaint" and then file "an appeal on the merits of the question whether the complaint is adequate as a matter of law."  Plaintiff's request to proceed in this action by having the Court's dismissal of the Complaint reversed and the Complaint served has already been denied by District Judge Fairbank.  (*See* ECF No. 20.)

8.  If plaintiff wishes to exercise his right to stand on the Complaint, he should file a separate, dated, and signed Notice of Election stating that he does not plan to file an amended pleading or that he requests dismissal of this case.  If plaintiff chooses not to file an amended pleading in compliance with the Order Dismissing, then the Court will file a Report and Recommendation recommending that the entire action be dismissed for failure to state a claim for the reasons stated in the Order Dismissing.

9.  As to plaintiff's "Objection" to Judge Scarsi's Order denying plaintiff's Motion to Recuse, plaintiff cites no legal authority pursuant to which he brings his Objection.  Judge Scarsi found that plaintiff's earlier "Motion to Recuse Magistrate and District Judge [sic]" (ECF No. 22) raised arguments that "amount to vague, unsupported criticism of rulings in this case"; cites "meritless law that is not on point"; fails to identify any "potential source of impartiality" with the required specificity; and cites no "facts raising an actual possibility of impartiality."  Judge Scarsi denied the Motion to Recuse for failure to "allege facts stating a cognizable ground for recusal."  (ECF No. 25.)  In his Objection, plaintiff does not address these findings by District Judge Scarsi.  Plaintiff merely states that District Judge Scarsi "failed to make a full review of the record to investigate plaintiff's

---

screened pursuant to 28 U.S.C. § 1915(e)(2), and service of process has not been ordered on any defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.  5:20-cv-01942-VBF-AFM                                                         Date:  July 23, 2021

Title        Ismael Villarreal v. Ralph Diaz, *et al.*

allegations." Reconsideration under L.R. 7-18 requires a material difference in fact or law since the time the challenged Order was entered, the emergence of new material facts or law, or a failure to consider material facts presented before the Order was entered.  In any event, the pendency of the "Objection" may not be used by plaintiff to stop the progress of this case.

### ORDER TO SHOW CAUSE

**Within twenty (20) days of this order, plaintiff is ordered to show cause why this action should not be dismissed.**  If plaintiff does not timely file a response to this Order to Show Cause, the Court will recommend that this action be dismissed with prejudice for failure to prosecute, failure to comply with Court Orders, and failure to state a claim upon which relief may be granted.  **Plaintiff is admonished that no further extensions of time will be granted to plaintiff absent a showing of good cause.**

**Plaintiff's filing of one of the following within (20) days will constitute a satisfactory response to this Order to Show Cause**:

- ☐   A First Amended Complaint in compliance with the Order Dismissing Complaint with Leave to Amend (ECF No. 15) that remedies the pleading deficiencies discussed in that Order;

- ☐   A separate, dated, and signed Notice of Election not to file an amended pleading; **or**

- ☐   A signed Notice of Dismissal requesting a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize if he chooses to file a First Amended Complaint.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all the claims that he wishes to assert in a First Amended Complaint.  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.  5:20-cv-01942-VBF-AFM                                             Date:  July 23, 2021

Title       Ismael Villarreal v. Ralph Diaz, *et al.*

Attachment:  Form CV-066
             Form CV-009

|  | : |
|---|---|
| **Initials of Preparer** | ib |