1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| ISMAEL VILLARREAL,<br><br>          Plaintiff,<br><br>   v.<br><br>RALPH DIAZ, *et al.*,<br><br>          Defendants. | Case No. 5:20-cv-01942-VBF-AFM<br><br>**ORDER DISMISSING COMPLAINT** |

On September 8, 2020, plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. (ECF No. 1.) Plaintiff is incarcerated at the Ironwood State Prison ("ISP") in Riverside County. On September 17, 2020, the case was transferred to the Central District of California.  (ECF No. 6.)  Plaintiff filed a Request to Proceed Without Prepayment of Filing Fees, which was granted.  (*See* ECF Nos. 2, 4-5, 9.)

In the Complaint, plaintiff names as defendants several individuals based in Sacramento including the Secretary, Undersecretary, and Director of the California Department of Corrections and Rehabilitation ("CDCR"); Anthony Carter, an individual; Steven Escobar, an attorney at the Office of Administrative Law; and Appeals Examiner W. Sinkovich.  (ECF No. 1 at 3-5.)  Plaintiff also names as

defendants P. Birdsong, an Appeals Coordinator at ISP; Chelsea Armenta, an Office Service Supervisor at ISP; ISP Associate Warden S. Moore; and ISP Chief Deputy Warden R.W. Smith.  (*Id.* at 4-5.)  All defendants are named in their individual capacities.  (*Id.* at 3-5.)  Plaintiff seeks damages and injunctive relief in the form of unspecified "training of CDCR staff."  (*Id.* at 12.)

In the body of the Complaint, plaintiff lists a "Claim I" and a "Claim II." Plaintiff appears to be alleging claims under the First Amendment for retaliation and violations of his right to petition the government.  (ECF No. 1 at 8-10.)  Plaintiff also alleges a "First Cause of Action" and a "Second Cause of Action," both of which appear to allege retaliation.  (*Id.* at 10-11.)  In an attachment to the Complaint that is entitled "Supplemental Points and Authorities," plaintiff appears to allege additional claims, referencing a "right to petition," "retaliatory policy," conspiracy, and state law.  (ECF No. 1 at 13-17.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the assigned Magistrate Judge screened the Complaint to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

The screening of a pleading under the foregoing statutes is governed by the same standard as applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory.  *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018).  However, the "tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Since plaintiff is appearing *pro se*, the allegations of the pleading must be construed liberally and plaintiff afforded the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). Additionally, dismissal may be appropriate if a complaint violates Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"). *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following review of the Complaint, the Magistrate Judge found that it fails to comply with Rule 8 because it does not include a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. The Magistrate Judge found that it is unclear from plaintiff's Complaint the number of federal claims being raised, the factual basis for any federal civil rights claim, or what actions any named defendant

is alleged to have taken that plaintiff is alleging give rise to a federal civil rights claim. Accordingly, the Magistrate Judge found that the Complaint fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). Further, the allegations were found to be insufficient to state a federal civil rights claim on which relief may be granted against any defendant.

Accordingly, the Complaint was dismissed with leave to amend the pleading to correct the deficiencies as discussed in the Order Dismissing Complaint with Leave to Amend. (ECF No. 15; "Order Dismissing.") Plaintiff was ordered, if he wished to pursue this action, to file a First Amended Complaint no later than December 23, 2020, remedying the deficiencies discussed in the Order Dismissing. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint or failed to remedy the deficiencies of his pleading, then his action would be dismissed without further leave to amend and with prejudice for failure to state a claim. (*Id.* at 6-7.)

Plaintiff did not file an amended pleading. Instead, he filed a "Motion for Relief" challenging the Order Dismissing. Plaintiff argued that the Order Dismissing was "erroneous and contrary to law." Plaintiff requested that the defendants be served with the Complaint, which had already been dismissed. (ECF No. 16.) This Court denied plaintiff's Motion for Relief and affirmed the Order Dismissing. (ECF No. 20.) Next, plaintiff filed a document entitled, in part, "Notice of Election to Stand on the Complaint." (ECF No. 22; "Notice of Election.") In his Notice of Election, plaintiff stated that he had "already advised the court that he will forego amendment in order to obtain an appealable final judgment" and that he "elects to forego amendment and stand on the complaint." (*Id.* at 1-2.) Plaintiff, however, also sought to continue this action and argued in his Notice of Election that his Complaint

has "adequately state[d] a claim for relief." (*Id.* at 2.)[1]

Based on plaintiff's requests to have the dismissed Complaint served, it was not clear that plaintiff's election to "Stand on the Complaint" was intended to obtain a final order to expedite appellate review.  Plaintiff's repeated requests for service of the dismissed Complaint were contrary to his stated intent to stand on his Complaint and are not in accordance with the course of action outlined in *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004).  Therefore, on July 23, 2021, the Magistrate Judge issued an Order to Show Cause.  (ECF No. 27; "OSC.")  In the OSC, plaintiff was admonished that, if he wishes to "obtain an appealable final judgment" in this action, then he need only request that the action be dismissed in order to obtain a judgment from which he may appeal.  As set forth in the OSC, the Ninth Circuit has instructed that district courts should permit plaintiffs to exercise their "right to stand on a complaint" and then file "an appeal on the merits of the question whether the complaint is adequate as a matter of law." *Edwards*, 356 F.3d at 1065.

On August 16, 2021, plaintiff filed a Response to the OSC, entitled "Election to Stand on Complaint."  (ECF No. 28; "Response.")  In the Response, plaintiff indicates that he believes his Complaint adequately states a claim for relief and he wishes "to expedite appellate review of the case."  (*Id.* at 1.)  Plaintiff states that he does not intend to file an amended pleading because he "believes that amendment is unnecessary."  (*Id.* at 2.)  The Response does not explicitly request dismissal of the

---

[1] Within his "Notice of Election," plaintiff also included a Motion to Disqualify both this District Judge and the assigned Magistrate Judge.  Plaintiff's Motion to Disqualify subsequently was denied by referred District Judge Scarsi on June 14, 2021.  (ECF No. 25.)  Plaintiff next filed a document entitled "Objection to Judge Scarsi's Order denying Plaintiffs [sic] recusal motion; Response to (Doc 23), Requesting the court to vacate Judge Fairbanks [sic] order, directing Defendants to reply; Requesting the court to make a Final determination of Plaintiffs [sic] motion to Stand on Complaint (Doc 22)."  (ECF No. 26; "Plaintiff's Objection.")  In the Objection, plaintiff states that he "disagrees with Judge Scarsis [sic] findings of fact and conclusion of law and objects to his denial [sic]" (*id.* at 1); seeks a "final determination on his previous motion to Stand on Complaint" (*id.* at 1, 3); and seeks to have District Judge Fairbank's order (citing ECF No. 23) vacated or the Court "serve the complaint to [sic] the defendants so that litigation can begin" (ECF No. 26 at 1, 3).

action, but states that plaintiff wishes to "obtain an appeallable [sic] final judgment and expedite appellate review." (*Id.* at 1-2.)  Further, the Response cites *Edwards*, 356 F.3d at 1064-65. (*Id.*)  In *Edwards*, the Ninth Circuit held that, when a "plaintiff makes an affirmative choice not to amend [a pleading], and clearly communicates that choice to the court," the dismissal "ripens into a final, appealable judgment" pursuant to Rule 12(b)(6). *Edwards*, 356 F.3d at 1065.

Plaintiff has now clearly notified the Court of his affirmative choice to stand on his Complaint and seek "an appeal on the merits of the question whether the complaint is adequate as a matter of law." *Edwards*, 356 F.3d at 1065.  Accordingly, Judgment shall be entered dismissing this action with prejudice for failure to state a claim.

**IT IS SO ORDERED**.

DATED:  September 27, 2021                    /s/ Valerie Baker Fairbank

_____
VALERIE BAKER FAIBANK
UNITED STATES DISTRICT JUDGE